IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LANCE KAMUELA GOMES; HILTON KALANIPIO NIAU; TIMOTHY OGA; LINCOLN NIAU; JOSEPH KAWAILANIHUIHUI KANEAPUA; PUNOHU NALIMU KEKAUALUA III,<br><br>        Plaintiffs,<br><br>    vs.<br><br>STATE OF HAWAII; UNITED CHURCH OF CHRIST; COUNTY OF KAUAI; JUSTIN KOLLAR; KYLAN DELACRUZ; GAY & ROBINSON, INC.; ALAN ROBINSON; BRUCE ROBINSON; MCBRYDE SUGAR COMPANY, LTD; LANCE K. PARKER; SUNSET STRIP PROPERTIES, LLC; JAMIE MASADA; OLU PUA GARDENS LLC; JOERG H. HOHNLOSER; JULIE BLACK; and DOES 1-100,<br><br>        Defendants. | CIVIL NO. 20-00494 JAO-KJM<br><br><br>ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATIONS WITHOUT PREJUDICE |

ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP
APPLICATIONS WITHOUT PREJUDICE

Before the Court are pro se Plaintiffs Lance Kamuela Gomes', Hilton

Kalanipio Niau's, Timothy Oga's, Lincoln Niau's, Joseph Kawailanihuihui

Kaneapua's, and Punohu Nalimu Kekaualua III's (collectively, "Plaintiffs")

Applications to Proceed In Forma Pauperis ("IFP Applications" or "Applications")

filed on November 18, 2020.  For the following reasons, the Court DISMISSES the

Complaint with leave to amend and DENIES WITHOUT PREJUDICE the IFP

Applications.  ECF Nos. 3–8.

## BACKGROUND

As best the Court can discern, the crux of Plaintiffs' case is that Defendants,

through different acts and at different times between 2018 and 2020, have violated

their constitutional rights by depriving them of their ability to exercise their rights

as Native Hawaiians/Hawaiian Nationals.  Plaintiffs assert claims for deprivation

of rights to self-determination pursuant to UN Charter Particle 73; violation of the

Fourth Amendment; and denial of due process under the Fifth Amendment.

Compl. ¶¶ 37–44.  They pray for $100,000,000 in compensatory damage,

$1,000,000,000 in punitive damages, and an injunction enjoining Defendants from

violating their constitutional rights and for the State to transition to an occupying

government enforcing Hawaiian Kingdom civil and penal codes.  *Id.* at 22–23.

## DISCUSSION

I.   <u>Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C.
     § 1915(e)(2)</u>

Plaintiffs request leave to proceed in forma pauperis.  A court may deny

leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiffs' Complaint liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate for the reasons identified herein.

A.     Lack of Jurisdiction

As a preliminary matter, the Court addresses jurisdictional issues it has identified, namely standing and the Eleventh Amendment. Under FRCP 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke

4

federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

       1.   <u>Standing</u>

FRCP 12(b)(1) requires a district court to dismiss a complaint for lack of subject matter jurisdiction where a plaintiff lacks standing to sue. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (citations omitted) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [FRCP] 12(b)(1)."). When a plaintiff lacks constitutional standing, a suit "is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)) (quotations omitted); *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009).

In determining constitutional standing, the trial court has the authority "to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Maya*, 658 F.3d at 1067 (citation and quotations omitted). "For purposes of ruling on a motion to dismiss for want of standing, both trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Namisnak v. Uber*

*Techs., Inc.*, 971 F.3d 1088, 1092 (9th Cir. 2020) (internal quotations omitted) (citations omitted).

Article III of the Constitution limits federal courts' jurisdiction to certain "cases" and "controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). A plaintiff bears the burden of establishing three elements to establish that he or she has "standing" to sue in federal court: (1) "injury in fact" that is "concrete and particularized" and "actual and imminent"; (2) the injury must be fairly traceable to defendant's conduct; and (3) the injury can be redressed through adjudication. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016) (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). At the pleading stage of a case, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, __ U.S. at __, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, __ U.S. __, 137 S. Ct. 1645, 1650–51 (2017) (internal quotations omitted) (citations omitted). When there are multiple plaintiffs, at least one "must have standing to seek each form of relief requested in the complaint." *Id.* at __, 137 S. Ct. at 1651.

Here, Plaintiffs' allegations do not clearly allege facts or law establishing standing. Only two Plaintiffs—Gomes and Kekaualua—are referenced by name in the Complaint. Other references are to Plaintiffs generally or to "Plaintiff" without indicating which Plaintiff. Given the number of incidents referenced, and Defendants named, the Complaint fails to assert whether or how *each* Plaintiff was harmed, and by which Defendant. The Court is therefore unable to ascertain whether Plaintiffs have standing and correspondingly whether jurisdiction exists. Accordingly, the Court DISMISSES the Complaint. Plaintiffs may amend the Complaint. Any amended pleading must address standing for each claim and each form of relief; that is, Plaintiffs must allege—as to *each plaintiff* and *each defendant*—specific facts supporting the elements of standing (injury, causation, redressability).

### 2.    Eleventh Amendment

Plaintiffs request $100,000,000 in personal compensatory damages and $1,000,000,000 in punitive damages. Compl. at 22–23. To the extent Plaintiffs' claims seek damages against the State, such claims are barred by the Eleventh Amendment. "The Eleventh Amendment shields unconsenting states from suits in federal court," *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)), and bars individuals from bringing lawsuits against a state or an instrumentality of a state

for monetary damages or other retrospective relief.  *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).  Furthermore, it "applies regardless of the nature of relief sought and extends to state instrumentalities and agencies."  *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)).  Suits against state officials in their official capacities are likewise barred because they constitute suits against the state itself.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiffs also seek injunctive relief regarding the alleged deprivation of their right to self-determination as Hawaiian nationals.  Compl. at 23.  However, they may not seek prospective injunctive relief against the State.  Under the *Ex parte Young* exception to Eleventh Amendment immunity, "private individuals may sue state officials in federal court for *prospective* relief from ongoing violations of federal law, as opposed to money damages, without running afoul of the doctrine of sovereign immunity."  *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011)).  *Ex parte Young* is based on the proposition "that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes."  *Va. Office for Prot. & Advocacy*, 563

U.S. at 255 (citation omitted).  It does not apply "when 'the state is the real substantial party in interest.'"  *Id.* (citations omitted).

Accordingly, because the Eleventh Amendment bars Plaintiffs from seeking relief against the State, their claims against the State are DISMISSED WITH PREJUDICE.  This means that they may not reassert § 1983 claims against the State if they choose to amend their pleading.

B.   Pleading Deficiencies

Numerous pleading deficiencies also support dismissal for failure to state a claim.

1.   Municipal Liability

a.   County of Kauai

Plaintiffs name the County of Kauai as a Defendant but have not identified conduct subjecting it to liability.  "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019) (citation omitted).

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality.  The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a

direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

To the extent Plaintiffs named the County of Kauai based on the conduct of its employees, a respondeat superior theory is not viable. *See Horton*, 915 F.3d at 6003 ("A municipality may not, however, be sued under a *respondeat superior* theory." (citation omitted)). Any amended pleading must rectify these deficiencies.

### b.   Official Capacity Claims

Plaintiffs name Defendant Kollar, County of Kauai Prosecuting Attorney, in his official and individual capacities. "Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978), such suits should "be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted). "It is not a suit against the official personally, for the real party in interest is the entity." *Id.* The Court therefore DISMISSES the claims against Kollar in his official capacity with prejudice.[1] *See Park v. City & County of Honolulu*, 292 F. Supp. 3d 1080, 1090

---

[1] Plaintiffs also identify other County employees acting in their official capacities (e.g., Robin Serquina, Ellsworth Kaleiohi, Ray Ortiz, Mark Begley) in the body of the Complaint but they are not named as Defendants. Any claims against them would be subject to dismissal with prejudice for the same reasons discussed above.

(D. Haw. 2018) (dismissing with prejudice official capacity claims against the individual officer defendants).  Should Plaintiffs elect to amend their pleading, they may not assert § 1983 claims against County employees in their official capacities.  Plaintiffs may reassert claims against Kollar in his individual capacity but Plaintiffs must sufficiently allege how Kollar, in his individual capacity, violated their constitutional rights.  And any such claims must comply with this Order in all other respects.

### 2.   FRCP 18 and 20

It is a basic tenet that plaintiffs cannot bring unrelated claims against different defendants in a single action.  FRCP 18(a) provides:  "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Pursuant to FRCP 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This is because "[u]nrelated claims against different defendants belong in different suits." *Id.*

Rule 20 allows joinder of plaintiffs in a single action if:  "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B)

any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  Joinder of defendants in one action is permissible if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

It appears that Plaintiffs have joined unrelated claims and parties.  FRCP 20(a)(1)(A) "requires factual similarity in the allegations supporting Plaintiffs' claims."  *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013).  Plaintiffs' claims must also present a question of law or fact common to them all.  "Superficial similarity" does not adequately unite parties or claims.  See *id.*  FRCP 20(a) requires more than allegations "that Defendants violated the same laws in comparable ways."  *Id.* (citation omitted).  Therefore, any amended pleading must comply with FRCP 18 and 20 and must not join unrelated claims and parties.  Unrelated claims and parties should be the subject of separate actions.

### 3.    Applicability of  § 1983 to Private Entities and Individuals

The majority of Defendants are private parties.  Section 1983 states:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.  Substantive rights are not created by this provision; "rather it is the vehicle by whereby plaintiffs can challenge actions by governmental officials." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (citation and quotations omitted).  Private parties do not generally act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (citation omitted).

Plaintiffs advance general and conclusory allegations that certain private Defendants conspired with the County of Kauai but as currently pled, these allegations do not suggest state action.  Indeed, at most, it appears that any engagement between private Defendants and the County of Kauai concerned the private Defendants' efforts to remove Plaintiffs from the property owned or lawfully occupied by those Defendants.  *See* Compl., Exs. C–D.  To state claims against private actors, Plaintiffs must articulate greater connection between them and the relevant governmental entity, i.e., that the private corporation or individual's actions were taken on behalf of the governmental entity or attributable to the same.

4. Statute of Limitations

While the Court does not dismiss for this reason, it raises the fact that certain of Plaintiffs' claims—such as those occurring through October 2018—*might* be time barred.  "Because 42 U.S.C. § 1983 does not contain its own statute of limitations, '[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the

13

forum state's statute of limitations for personal injury actions.'" *See Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (alteration in original) (internal quotations omitted) (citations omitted).  Hawaii's statute of limitations for personal injury actions is two years.  *See id.* (citing Haw. Rev. Stat. § 657-7).

In sum, because the Complaint is deficient and fails to state a claim upon which relief can be granted, it is hereby dismissed.  Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370.  Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts." (citation omitted)).

The Court acknowledges that Plaintiffs are proceeding pro se and that certain deficiencies could potentially be cured by amendment.  Accordingly, the

Court dismisses the Complaint without prejudice and grants Plaintiffs leave to amend their Complaint, except for the claims that are dismissed with prejudice. Any amended complaint—which should be titled "First Amended Complaint"— must be filed by **December 23, 2020**, and must cure the deficiencies identified above. Moreover, Plaintiffs are advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.4. As a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, if Plaintiffs file an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived. *See id.* at 928.

Plaintiffs are cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

II.    <u>IFP Applications</u>

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d

1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'"  *Id.* (citation omitted).

Where, as here, "there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." *Martinez v. Lutz*, Case No. 1:18-cv-00999-DAD-SKO, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018) (internal quotations omitted) (citation omitted).  Plaintiffs all claim to be unemployed and homeless, with no income or assets.  And some Plaintiffs list individuals dependent upon them for support. Because multiple Plaintiffs claim to support other individuals, the Court wishes to confirm that Plaintiffs are not receiving any income, in the form of public benefits, or otherwise, before evaluating whether Plaintiffs are all sufficiently impoverished to qualify for IFP status.[2]  Accordingly, the Court DENIES the IFP Applications without prejudice.  If Plaintiffs elect to file an amended pleading, each Plaintiff must concurrently file an IFP Application that fully and accurately responds to all

---

[2]  In another lawsuit pending in this district, Gomes paid the filing fee, despite having filed an IFP Application.  Moreover, in his IFP Application there (filed on April 27, 2020), he only identified two children dependent on him for support.  In this action, he identifies two additional children.  The Court recognizes that circumstances can change but questions the accuracy of the filings due to these inconsistencies.

questions *or* Plaintiffs must pay the applicable filing fee.  If they fail to do so, this action will be automatically dismissed.

CONCLUSION

In accordance with the foregoing, Court:  (1) DISMISSES the Complaint with leave to amend and (2) DENIES without prejudice the IFP Applications.  ECF Nos. 3–8.  If Plaintiffs elect to file an amended complaint, they must comply with the following requirements:

(1)     The deadline to file an amended complaint is **December 23, 2020**;

(2)     The amended complaint should be titled "First Amended Complaint";

(3)     Plaintiffs must cure the deficiencies identified above; and

(4)     Plaintiffs may not add new claims or parties without leave of court. Any amendments must be limited to the claims asserted, if legally sound, and if properly the subject of a single lawsuit.

Plaintiffs are cautioned that failure to timely file an amended pleading that conforms with this Order *and* concurrently file IFP Applications *or* submit the filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, November 23, 2020.



Jill A. Otake
United States District Judge

Civil No. 20-00494 JAO-KJM; *Gomes, et al. v. State of Hawaii, et al.*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATIONS WITHOUT PREJUDICE