IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LANCE KAMUELA GOMES; HILTON KALANIPIO NIAU; TIMOTHY OGA; LINCOLN NIAU; JOSEPH KAWAILANIHUIHUI KANEAPUA; PUNOHU NALIMU KEKAUALUA III,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF HAWAII; UNITED CHURCH OF CHRIST; COUNTY OF KAUAI; JUSTIN KOLLAR; KYLAN DELACRUZ; GAY & ROBINSON, INC.; ALAN ROBINSON; BRUCE ROBINSON; MCBRYDE SUGAR COMPANY, LTD; LANCE K. PARKER; SUNSET STRIP PROPERTIES, LLC; JAMIE MASADA; OLU PUA GARDENS LLC; JOERG H. HOHNLOSER; JULIE BLACK; and DOES 1-100,<br><br>Defendants. | CIVIL NO. 20-00494 JAO-KJM<br><br>**ORDER DISMISSING ACTION** |

**ORDER DISMISSING ACTION**

Pro se Plaintiffs Lance Kamuela Gomes, Hilton Kalanipio Niau, Timothy Oga, Lincoln Niau, Joseph Kawailanihuihui Kaneapua, and Punohu Nalimu Kekaualua III (collectively, "Plaintiffs") commenced this action on November 18, 2020. On November 23, 2020, the Court issued an Order (1) Dismissing

Complaint and (2) Denying IFP Applications Without Prejudice ("Order"). ECF No. 11. The Court dismissed the Complaint for lack of jurisdiction and failure to state a claim upon which relief could be granted and authorized leave to file an amended complaint by December 23, 2020. *Id.* Additionally, the Court denied without prejudice Plaintiffs' Applications to Proceed In Forma Pauperis ("IFP Applications"). *Id.* at 15–16. The Court cautioned Plaintiffs that their failure to timely file an amended pleading that conforms with the Order and file IFP Applications or pay the filing fee would result in the automatic dismissal of the action. *Id.* at 17.

To date, Plaintiffs have not filed an amended complaint, nor renewed IFP Applications or the filing fee. Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/

respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Although the Court recognizes that Plaintiffs are proceeding pro se, they are not exempt from complying with all applicable rules. Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiffs' violation of the Court's Order, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendants, as they have yet to be served. Finally, there are currently no less drastic alternatives available. This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the

circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

For the reasons stated herein, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, December 29, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00494 JAO-KJM; *Gomes, et al. v. State of Hawaii., et al.*; ORDER DISMISSING ACTION